UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALERIE FLORES, | |
| Plaintiff, | 1:24-CV-6676 (LTS) |
| -against- | TRANSFER ORDER |
| AMBER VANG (SOCIAL WORKER), et al., | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Valerie Flores, who appears *pro* se, filed this action invoking the court's federal

question jurisdiction and diversity jurisdiction, and she seeks injunctive relief.[1] She sues multiple

individuals and institutions that she seems to allege all reside, and are located, within the State of

California. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a),

to the United States District Court for the Central District of California.[2]

**DISCUSSION**

The applicable venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b),

which provides that, unless otherwise provided by law, a federal civil action must be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located; (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is situated; or (3) if
> there is no district in which an action may otherwise be brought as provided in
> this section, any judicial district in which any defendant is subject to the court's
> personal jurisdiction with respect to such action.

---

[1] Plaintiff did not sign her complaint, but signed her *in forma pauperis* application.

[2] On the first page of her complaint, Plaintiff requests that the court "seal the entire case."
(ECF 1, at 1.) This Court defers to the transferee court as to whether to seal any documents filed
in this action. In the meantime, to preserve Plaintiff's confidentiality while the transferee court
reviews the complaint, this Court has directed the Clerk of Court to limit electronic access to
Plaintiff's complaint filed in this court to a "case participant-only" business.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[3] § 1391(c)(1), (2).

Plaintiff seems to allege that all of the defendants reside within the State of California. (ECF 1, at 2.) She does not specify where any of the individual defendants reside, but, as to the institutional defendants: (1) the West Valley Detention Center is located in Rancho Cucamonga, San Bernardino County, California, which lies within the Central District of California, *see* 28 U.S.C. § 84(c)(1); (2) the Glen Helen Rehabilitation Center is located in Devore, San Bernardino County, California, and, thus, also lies within the same judicial district, *see id.*; (3) the Sacramento Family Justice Center is located in Sacramento, Sacramento County, California, which lies within the Eastern District of California, *see* 28 U.S.C. § 84(b); and (4) the California Highway Patrol, a California state agency, is located throughout the State of California. Thus, it would appear that all of the federal district courts within the State of California – the United States District Courts for the Northern, Southern, Central, and Eastern Districts of California – but not this court, are proper venue for this action under Section 1391(b)(1).[4]

---

[3] With respect to a defendant that is a corporation, for venue purposes:

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

§ 1391(d).

[4] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan);(2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess;

In addition, because Plaintiff alleges that a significant portion of alleged events that are the bases for her claims occurred in San Bernardino County, California, which lies within the Central District of California, *see* § 84(c)(1), the United States District Court for the Central District of California is also a proper venue for this action under Section 1391(b)(2). As Plaintiff does not allege that any of the events that are the bases for her claims occurred within this judicial district, this court is not a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). For the reasons discussed above, this court is not a proper venue for this action. Also, as discussed above, it would appear that all of the federal district courts within the State of California are proper venues for this action. Because Plaintiff alleges that a significant portion of the alleged events occurred within the Central District of California, however, in the interest of justice, this Court transfers this action to the United States District Court for the Central District of California. *See id.*

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Central District of California. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

---

(5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. See 28 U.S.C. § 112(b).

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    September 12, 2024
          New York, New York

                                          /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                 Chief United States District Judge