UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE L. FLORES,<br>　　　　　　Plaintiff,<br>　v.<br>AMBER VANG, et al.,<br>　　　　　　Defendants. | Case No. 5:24-cv-02063-KK-PD<br><br>**ORDER DISMISSING ACTION AS DUPLICATIVE OF AN EXISTING ACTION** |

**I.    Pertinent Procedural History and Plaintiff's Claims**

On August 23, 2024, Plaintiff Valerie Flores ("Plaintiff"), proceeding pro se, filed the Complaint naming (1) Amber Vang, a social worker; (2) "Female African American Social Worker"; (3) Dr. Charles Leeb; (4) Dr. Adriana Velazquez; (5) West Valley Detention Center; (6) Glen Helen Rehabilitation Center; (7) Sacramento Family Justice Center; (8)  California Highway Patrol; (8) Jessica Gandara; (9) Rebecca Irwin; (10) Anaheim Community Hospital staff; (11)  San Bernardino District Attorney's Office; and (12) Dr. Jorge Beber & Liberty Health /EASS.  [Dkt. No. 1 (the "Second Action".]  Plaintiff alleges, among other things, that she was arrested on false charges, was a victim of retaliation and harassment by Enterprise Rent-A-Car, that the California Highway Patrol took adverse action against her, that she cannot post bail, her

public defender and the prosecutor were incompetent, she has been treated with cruel and unusual punishment due to her race, and she has been exposed to x-ray radiation for no reason. [Id. at 2-4.] On May 21, 2025, the Court granted Plaintiff's request to proceed without prepayment of fees. [Dkt. No. 28.]

On June 10, 2024, Plaintiff filed a 42 U.S.C. § 1983 Complaint naming most of the same defendants and the same claims. See Flores v. Vang, et al., No. 5:24-cv-01347-MWC-PD (the "First Action"), Dkt. No. 1.

On June 6, 2025, the Court issued an Order to Show Cause why the Second Action should not be dismissed as duplicative. [Dkt. No. 29.] The Court explained that this is one of three pending cases filed by Plaintiff in this district. The others are Flores v. Vang, Case No. 5:24-cv-01347-MWC-PD and Flores v. California Highway Patrol, Case No. 5:25-cv-00203-MWC-PD.[1] The Court further explained that the Second Action is substantively identical to Flores v. Vang, Case No. 5:24-cv-01347-MWC-PD, in which Plaintiff raises the same claims against almost all of the same Defendants and alleges almost identical set of facts. [Id. at 2.] Plaintiff was ordered to show cause why the Court should not dismiss the Complaint as duplicative. [Id.]

On July 7, 2025, Plaintiff filed a Third Amended Complaint in the instant case. [Dkt. No. 30.] Plaintiff filed the identical Third Amended Complaint in the First Action, Flores v. Vang, Case No. 5:24-cv-01347-MWC-PD, Dkt. No. 40. Plaintiff did not address the Order to Show Cause and

---

[1] The Court takes judicial notice if its own files and records and notes that the First Amended Complaint and entire action was dismissed as duplicative in Flores v. California Highway Patrol, Case No. 5:25-cv-00203-MWC-PD, Dkt. Nos. 19, 20. See Fed. R. Evidence 201; United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue").

explain why the instant action is not duplicative. Accordingly, the Second Action is subject to dismissal as duplicative of the First Action.

## II. Legal Standard

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." Slack v. McDaniel, 529 U.S. 473, 478 (2000). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008); see United States v. Haytian Republic, 154 U.S. 118, 124–25 (1894). The court has discretion to dismiss a duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action and [ ] litigat[ing] piecemeal the issues which could have been resolved in one action." Adams, 487 F.3d at 694 (quoting Flynn v. State Bd. of Chiropractic Exam'rs, 418 F.2d 668 (9th Cir. 1969) (per curiam)).

## III. The Second Action is Dismissed as Duplicative

### A. Both Cases in this U.S. District Court Concern the Same Subject Matter and Arise Out of the Same Transactional Nucleus of Facts

"To ascertain whether successive causes of action are the same, we use the transaction test, developed in the context of claim preclusion." Adams, 487 F.3d at 689. In applying the transaction test, the Court must consider four factors:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Id. at 689 (quoting Costantini v. Trans World Airlines, 681 F.2d 1199, 1201–

3

02 (9th Cir. 1982)). "The last of these criteria is the most important." Id.

The Court starts with the fourth factor because it is the most important. The Third Amended Complaints in the First and Second Actions are identical. [See Dkt. No. 30 and Flores v. Vang, Case No. 5:24-cv-01347-MWC-PD, Dkt. No. 40.] The allegations and the claims are exactly the same. [Id.] In addition, the other three factors of the transaction test do not indicate that these cases are distinct and therefore support dismissal. The evidence in both cases would be identical because the claims are identical and a judgment on such claims in one case would affect the rights or interests in the other. And both cases concern the infringement of the same rights.

In her First and Second Action, Plaintiff essentially seeks the same relief for the same causes of action based on the same conduct against the same individuals. To the extent Plaintiff believes there is anything or anyone missing from the First Action, she would not be prejudiced by dismissal of the Second Action because the Court has provided, and continues to provide, Plaintiff with leave to amend the First Action after the date she filed the First Action. Flores v. Vang, Case No. 5:24-cv-01347-MWC-PD, Dkt. Nos. 8, 35, 39.

In sum, the Second Action is duplicative of the First Action and should be dismissed.

**IV.   ORDER**

For the foregoing reasons, this action is dismissed as duplicative of an existing action.

Dated: July 21, 2025

_____
HONORABLE KENLY KIYA KATO
UNITED STATES DISTRICT JUDGE

4